1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7
8 GARRED FARRELL NORMAN,

    Case No.  18-cv-06658-KAW

Plaintiff,
9
    v.

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO APPOINT ATTORNEY**
10
11 FEDERAL BUREAU OF INVESTIGATION,
12
    Defendant.

    Dkt. Nos. 2, 4
13
14        On November 1, 2018, Plaintiff Garred Farrell Norman filed the instant civil rights claim

15 against Defendant Federal Bureau of Investigation ("FBI"), alleging various constitutional

16 violations.  (Compl., Dkt. No. 1.)  Plaintiff also filed an application for leave to proceed in forma

17 pauperis ("IFP Application") and a motion to appoint a civil rights attorney.  (Dkt. Nos. 2, 4.)

18        The Court DENIES the IFP Application without prejudice.  On the face of the IFP

19 Application, Plaintiff is not financially qualified for IFP status because Plaintiff states that his wife

20 makes over $10,000 a month.  (Dkt. No. 2 at 2.)  Plaintiff does not state that he has no access to

21 those funds.  If Plaintiff asserts that he does not have access to his wife's earnings, Plaintiff may

22 file an amended IFP Application to that effect by **December 6, 2018**.

23        The Court DENIES Plaintiff's motion to appoint a civil rights attorney.  "There is no

24 constitutional right to appointed counsel in a § 1983 action."  *Rand v. Rowland*, 113 F.3d 1520,

25 1525 (9th Cir. 1997), *withdrawn in part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).  A district court

26 "may request" an attorney for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in

27 exceptional cases.  *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-801 (9th Cir.

28 1986).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation omitted).

As an initial matter, as explained above, Plaintiff has not shown that he is indigent based on his wife's earnings. Furthermore, Plaintiff has failed to show a likelihood of success on the merits. Plaintiff attaches a list of 78 actions that he alleges Defendant is involved in, including "poisoning plaintiff," "forcing [his] cell-phone calls away from and to civil rights attorneys," and "using unlawful satellite/cloning technology on [his] family members," but asserts no specific facts about these alleged actions or connecting Defendant to these deeds. (*See* Dkt. No. 4 at 7-12.) Plaintiff has therefore not established that he is entitled to Court-appointed counsel at this time.

For the reasons stated above, the Court DENIES Plaintiff's motions. Again, Plaintiff may file an amended IFP Application by December 6, 2018, which should state whether Plaintiff has access to his wife's funds.

Dated: November 20, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge